BOARD OF EDUCATION OF THE TOWNSHIP OF HOHOKUS, PROSECUTOR, v. BOARD OF EDUCATION OF THE BOROUGH OF RAMSEY, STATE BOARD OF EDUCATION OF NEW JERSEY, AND CHARLES H. ELLIOT, COMMISSIONER OF EDUCATION OF NEW JERSEY, RESPONDENTS.

Argued May 9, 1940—Decided September 28, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the prosecutor, *Chandless, Weller & Kramer* (*Ralph W. Chandless,* of counsel).

For the respondents, *James M. Muth* (*John Milton,* of counsel).

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the judgment rendered on October 11th, 1939, by the Commissioner of Education and affirmed by the State Board of Education on January 13th, 1940, wherein and whereby the Board of Education of the township of Hohokus, prosecutor, was directed to pay to the Board of Education of the borough of Ramsey, respondent, tuition for· its high school pupils on the basis of a per capita cost per year of $144.83.

It appeared that Ramsey has a high school with sufficient facilities to care for the needs of its own pupils as well as those of neighboring municipalities, seven of same sending pupils there who have no high schools of their own.

The statute, *N. J. S. A.* 18:14-7, provides that the tuition to be paid by the sending districts shall be fixed by the Boards of Education of the receiving districts "but in no case shall the tuition rate exceed the actual cost per pupil."

The method of arriving at the actual cost per pupil has been established by the State Department of Education and approved by the Commissioner of Education to the effect that the calculation be based upon the actual gross cost and that one of the factors to be used in arriving at it is to charge five per cent. as a rental charge on the total cost of the building. The purpose being to cover cost of repairs, replacements and interest on bonded indebtedness. That method seems to be a fair and reasonable one. In fact it is not challenged in the case at bar.

The sole question at issue is what the cost of the building for the purpose of this calculation is. It is not disputed that the total cost of the building was $620,533.15 of which sum there was contributed as a grant by the Public Works Administration of the federal government the sum of $268,910.20.

It is the contention of the prosecutor therefore that the total cost to the respondent Ramsey was $620,533.15 less $268,910.20 or $351,622.95 and that the five per cent. rental should be calculated on that figure.

With that contention we are not in accord. The statute, *N. J. S. A.* 18:14-7, *supra,* limits the tuition to be charged to the actual cost per pupil. This, we think, does not mean the

net cost nor the actual cost to the receiving district after deducting appropriations, gifts, &c. Had that been the intention of the legislature it would have so stated. The meaning seems clear to be the actual cost of the education taking into consideration the cost of the building irrespective of where the money came from. The building must be maintained and replacements made as a whole and not only that part which represents the money supplied by Ramsey. Actual cost per pupil is not based on the source of the money which provides the facilities for education but on the facilities as they are and what can reasonably be calculated for upkeep, carrying charges, &c. As to the rental factor we think that it should be based on the total cost of the building rather than on the net cost to Ramsey.

It was on that theory that the cost per year of $114.83 per pupil was arrived at and we think rightly affirmed by the proceedings under review.

The judgment is affirmed, with costs.